NUMBER 13-07-00496-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

ALFREDO SANCHEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee. 

_____________________________________________________________


On appeal from the 214th District Court of Nueces County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Justices Yañez, Garza, and Benavides


Memorandum Opinion Per Curiam


 Appellant, Alfredo Sanchez, attempted to perfect an appeal from a conviction for
sexual assault. We dismiss the appeal for want of jurisdiction.

 This Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a
timely filed notice of appeal, a court of appeals does not have jurisdiction to address the
merits of the appeal and can take no action other than to dismiss the appeal for want of
jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 

 The trial court imposed sentence in this matter on May 15, 2007. The notice of
appeal was due on June 14, 2007. The record contains a pro se notice of appeal dated
May 30, 2007, marked "received" by persons unknown on June 1, 2007, and file-marked
by the district clerk on July 2, 2007. 

 This Court abated and remanded this matter to the trial court for a determination
regarding the timeliness of appellant's notice of appeal. After remand, the trial court
allowed appellant's former appointed counsel to withdraw and appointed new counsel for
appellant for purposes of this appeal. This Court has now received a response filed by
appellant's new counsel regarding the timeliness of appellant's notice of appeal. Counsel
has stated that the appeal was not timely filed and that this defect cannot be cured.

 Appellant's notice of appeal was untimely, and accordingly, we lack jurisdiction over
the appeal. See Slaton, 981 S.W.2d at 210. Appellant may be entitled to an out-of-time
appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of
Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this
Court. See Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex
parte Garcia, 988 S.W.2d 240 (Tex. Crim. App. 1999).

 The appeal is DISMISSED FOR WANT OF JURISDICTION. PER CURIAM

Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this the 10th day of April, 2008.